UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MAUDIE MAE PALMER and <br> CHARLES W. PALMER, <br><br> Plaintiffs, <br><br> v. <br><br> ALDI, INC., ALDI (INDIANA) LP, and <br> ALDI (INDIANA) LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )  No. 3:07-0596 <br> )  Judge Echols <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM

Pending before the Court is Aldi Inc.'s ("Aldi's") Motion for Summary Judgment (Docket Entry No. 34), to which Plaintiffs filed a response in opposition. (Docket Entry No. 40.) Aldi did not file a reply. In accordance with Local Rule 56.01(g), Plaintiff's Statement of Additional Material Facts (Docket Entry No. 42) is deemed admitted for purposes of ruling on the summary judgment motion.

## I. FACTS

This is a premises liability case brought by Plaintiff Maudie Mae Palmer and her husband, Charles W. Palmer, after Mrs. Palmer fell at the Aldi's grocery store located in Hermitage, Tennessee, on May 18, 2005. At the time, Mrs. Palmer was 73 years old and very active. Mrs. Palmer seeks compensatory damages for her injuries and Mr. Palmer seeks damages for loss of consortium. The Court will refer to Mrs. Palmer as the Plaintiff. The facts are taken in a light most favorable to the Plaintiff.

1

Plaintiff stopped at Aldi's to pick up a gallon of milk. The milk cooler is located at the back of the store. Plaintiff walked down the first aisle stocked with dry goods, picked up a small box of crackers, and continued toward the milk cooler looking straight ahead. Plaintiff slipped in a clear substance that appeared to be water and fell on the floor, injuring her shoulder, hip, back, neck and arms. She did not see the water before she fell. The water was not standing in puddles; it appeared to be splashed or smeared on the floor. Plaintiff did not see any broken bottles on the floor when she fell, but she did see a machine used to mop floors in the aisle where she fell. She testified she did not know how the water got on the floor unless "they mopped it and left it." (Docket Entry No. 34-1, Plaintiff's Depo. at 30.) After she fell, a male "come up over with that machine and cleaned it up. I have never seen a riding mopping machine before." (Id.) The water on the floor, as well as the floor itself, were clean. Plaintiff was wearing white pants which were wet, but not dirty, after she fell.

Plaintiff produces the affidavit of Anita White, an Aldi's customer who was present when Plaintiff fell. She avers that she observed water on the floor where Plaintiff fell. After Plaintiff fell, she observed an Aldi's employee using a machine to mop up the water. She had observed the machine in the aisle where Plaintiff fell prior to Plaintiff's fall. (Docket Entry No. 40-1, White Aff.)

The assistant store manager, Jeffrey Lovvorn, was informed by a store customer that Plaintiff had fallen. Lovvorn went to Plaintiff and claims she was standing by the time he got there and he and others helped her into a chair. He noticed a liquid substance on the floor at the side of the aisle that appeared to be water. Lovvorn testified that he used a dry mop to clean up the substance. The liquid was not oil because it cleaned up easily and left no residue on the floor as oil would. Lovvorn did not see any item on the floor that was broken, nor did he see any leaks coming from the ceiling

or from behind the shelving, and it was not raining that day. (Docket Entry No. 34-2 Lovvorn Depo. at 47, 49, 57-60, 63.)

Plaintiff requested medical attention and left the store by ambulance. The medical care she received included two shoulder surgeries, a back surgery, physical therapy and pain medication. She is not able to be as active as she was before the fall.

## II. STANDARD OF REVIEW

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence

3

in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. ANALYSIS

Business owners are not insurers of their customers' safety, but they are expected to exercise due care under all of the circumstances. Williams v. Linkscorp Tennessee Six, L.L.C., 212 S.W.3d 293, 296 (Tenn. Ct. App. 2006). "This means that the premises owner must maintain the premises in a reasonably safe condition by removing or repairing dangerous conditions or by helping customers avoid injury by warning them of such dangerous conditions." Id. To prevail on an ordinary negligence claim, a plaintiff must prove five elements: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation." Rice v. Sabir, 979 S.W.2d 305, 308 (Tenn. 1998). In order to hold a premises owner or operator liable in negligence for allowing a dangerous or defective condition to exist on the premises, a plaintiff must prove, in addition to the elements of negligence, that: (1) the condition was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident. Blair v. West Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004).

Genuine issues of material fact exist for trial in this case. The Court must examine the facts in the light most favorable to Plaintiff. Both Plaintiff and Ms. White testified there was water in the aisle before Plaintiff fell. Assistant store manager Lovvorn agreed there was water in the aisle. Although Lovvorn testified that he did not know where the water came from and he denied that the

4

floor had been cleaned before Plaintiff's fall, Plaintiff produces evidence otherwise. Both Plaintiff and Ms. White observed the machine used to clean floors in the aisle before the fall, and the water appeared to have been splashed or smeared on the floor. Plaintiff and Ms. White testified that a male Aldi employee used the machine to clean up the water after Plaintiff fell. This evidence is sufficient for Plaintiff to present to a jury the issue of whether Aldi's caused or created a dangerous condition and thereby breached its duty of care to Plaintiff as a business invitee. See Blair, 130 S.W.3d at 764. There are also issues of credibility and comparative negligence to be sorted out by a jury. See Prince v. St. Thomas Hosp., 945 S.W.2d 731, 735 (Tenn. Ct. App. 1996).

## IV. CONCLUSION

For the reasons stated, Aldi Inc.'s Motion For Summary Judgment (Docket Entry No. 34) will be denied.

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE